UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-491-GWU

NANCY NEAL,                                                                PLAINTIFF,


VS.                              **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.

**INTRODUCTION**

Nancy Neal brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.     Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.     Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.     Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

06-491  Neal

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.   20 C.F.R. Section 404.1529 (1991).   However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an
> underlying medical condition.  If there is, we then examine:  (1)
> whether objective medical evidence confirms the severity of the alleged
> pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.

1986).

Another issue concerns the effect of proof that an impairment may be

remedied by treatment.  The Sixth Circuit has held that such an impairment will not

serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health

and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same

result does not follow if the record is devoid of any evidence that the plaintiff would

have regained his residual capacity for work if he had followed his doctor's

instructions to do something or if the instructions were merely recommendations.

Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,

1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence

before it, despite the plaintiff's claims that he was unable to afford extensive medical

work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592

(6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a

factor to be considered against the plaintiff, Hale v. Secretary of Health and Human

Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions  .  .  .  or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In

such cases, the agency may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley  v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Neal, a 52 year-old former waitress with a high school education, suffered from impairments related to osteoarthritis and a mood disorder.  (Tr. 17, 21).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 19, 21).  Since the available work was found to constitute a significant number of jobs in the national economy, she could not be considered totally disabled.  (Tr. 21-22).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 22).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question initially presented to Vocational Expert William Ellis included an exertional restriction to light level work along with such non-exertional limitations as (1) an inability to more than occasionally stoop, bend, crouch, or crawl; (2) the need for a sit/stand option in hourly intervals; (3) an inability to perform overhead reaching; and (4) an inability to perform pushing or pulling with the right arm.  (Tr. 263-264).  In response, the witness identified jobs in the national economy which could still be performed.  (Tr. 264).  The ALJ then inquired about the effect of psychological factors such a "limited but satisfactory" ability to deal with the public and work stresses, maintain attention and concentration, remember, understand and carry out simple or detailed job instructions, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability.  (Id.).  The witness testified that the previously cited jobs could still be done.  (Id.).  Therefore, assuming that the vocational factors considered by Ellis fairly characterized Neal's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error.  Dr. William Brooks, Neal's treating neurosurgeon, indicated that her problems with degenerative osteoarthritis would be aggravated by pushing, pulling, lifting and being on her feet all the time and that she should not return to her past work as a waitress.  (Tr. 138).  The ALJ's findings

8

were compatible with this opinion in that the past work was precluded and the hypothetical question included significant restrictions with regard to pushing, pulling, lifting and standing.   The question was also essentially consistent with the limitations indicated by Dr. James Ramsey, the non-examining medical reviewer.[1] (Tr. 188-196).  No other treating or examining source of record, including the staff at the McCreary County Clinic (Tr. 147-159) and the staff at the Southfork Medical Clinic (Tr. 167-178, 237-239), identified the existence of more severe physical limitations than those found by the ALJ.

Neal asserts that the ALJ erred in failing to recontact Dr. Brooks to clarify his opinion if it were deemed inadequate to support her disability claim.   The administrative regulations provide such a duty.  "We will seek additional evidence from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. Section 404.1512(e)(1). There does not appear to be a conflict or ambiguity in Dr. Brooks's statements.  He

---

[1]The ALJ omitted the limitations concerning climbing, exposure to temperature extremes and exposure to vibrations which were identified by the physician.  However, the Dictionary of Occupational Titles at Section 205.367-054 concerning the position of interviewer and Section 912.367-014 concerning the position of transportation agent, the jobs cited by the vocational expert, indicates that these jobs would not be precluded by these restrictions.

clearly does not believe that the claimant can return to her past work, but does not eliminate all jobs.  There is no question as to the clinical and laboratory diagnostic techniques.  The undersigned is unaware of any administrative regulation or case law finding that the failure of a treating source to list specific functional limitations makes his opinion inadequate.  The case law on this question is quite sparse.  The Sixth Circuit Court of Appeals has indicated in the unpublished opinion of <u>Littlepage v. Chater</u>, 1998 U.S. Lexis 688 (6th Cir. 1998), that this duty is only triggered when it is apparent from the record that the treating source based his opinion on information that was not in the record before the ALJ.  In the present action, there is no reason to believe that Dr. Brooks based his opinion on information not in the current record.  Therefore, the Court must reject the plaintiff's argument.

The ALJ also dealt properly with the evidence of record relating to Neal's mental condition.  Psychologist Christopher Catt examined the plaintiff and indicated that she would have "slight" limitations in tolerating stress and  sustaining attention and concentration.  (Tr. 165).  These restrictions are consistent with those presented to the vocational expert.  Psychologists Ilze Sillers (Tr. 197-198) and Thompson Prout (Tr. 217-218), the non-examining medical reviewers, each opined that the claimant would be "moderately" limited in understanding, remembering and carrying out detailed instructions, maintaining attention and concentration, and responding appropriately to work changes.  The mental factors of the hypothetical

question were also essentially compatible with these opinions.  These reports provide substantial evidence to support the administrative decision.

Neal notes that Catt indicated a Global Assessment of Functioning (GAF) of 50.  (Tr. 165).  Such a GAF suggests the existence of serious psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  The plaintiff asserts that this GAF supports her claim of disabled status and that the ALJ should at least have sought clarification.  However, Catt was very clear in identifying very modest, specific mental limitations.  The two medical reviewers saw the record and were not impressed with the low GAF score.  Under these circumstances, the Court finds no error.

Neal also argues that the ALJ erred in failing to consider her credibility with the "careful" analysis required as mandated in Social Security Ruling 97-7p.  However, the ALJ made a number of findings in this area, noting that the plaintiff's clinical and laboratory findings had been relatively unremarkable, she had not utilized any rehabilitative therapies, she used only mild pain medications and she engaged in a wide range of activities.  (Tr. 20).  Thus, the Court finds that the ALJ did carefully consider the credibility issue.

The Court notes that Neal submitted several additional medical records directly to the Appeals Council which were never seen by the ALJ.  A court may

order additional evidence be taken before the Commissioner, ". . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  42 U.S.C. Section 405(g).  The statute provides that a claimant must prove that the additional evidence is both material and that good cause existed for its not having been submitted at an earlier proceeding.  Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988).  In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence.  Sizemore, 865 F.2d at 711.  Thus, the new evidence must be "material" and "good cause" must be shown why it was not previously submitted.

The evidence with which Neal seeks a remand of the action includes an MRI Scan of the right knee made at Lake Cumberland Regional Hospital in July of 2006 (Exhibit B) and a notice from the Social Security Administration indicating that she had been found disabled on a subsequent DIB application as of May 17, 2006 (Exhibit C).  Clearly, both records were compiled after the ALJ's final decision was issued on May 16, 2006.  While the records were not in existence at the time of this decision, such, by itself, does not satisfy the "good cause" test and a valid reason for failure to obtain the evidence must still be shown.  Oliver v. Secretary of Health

12

06-491  Neal

and Human Services, 804 F.2d 964, 966 (6th Cir. 1986).  With regard to the Lake Cumberland MRI Scan, the report does not contain functional restrictions which would "relate back" to the relevant time period before May 16, 2006 and, so, is not "material."  Clearly, the administrative finding that the claimant was disabled in the time period after the ALJ's final decision on the application which is before the Court does not mean she was disabled at an earlier date.  Therefore, a remand for the taking of new evidence is not appropriate.

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 7th day of November, 2007.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**